UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDON STEVENSON** | **CIVIL ACTION NO. 24-808-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **LONNIE NAIL** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

Brandon Stevenson ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Lonnie Nail. Plaintiff claims he was subjected to excessive force and denied adequate medical treatment.

Plaintiff filed a motion for preliminary injunction and temporary restraining order (Doc. 3). He asks the court to enjoin Defendant Lonnie Nail and the South Compound Staff from threatening, physically abusing, and harassing him for filing his complaint.

Plaintiff claims Lonnie Nail vowed to ensure that he is not transferred to a closer geographical location. He claims Lonnie Nail threatened to have him falsely written up so he cannot advance to the working cell blocks. He claims Lonnie Nail had his chess board and pieces confiscated. He claims the security staff threw away his new sweatsuits and thermal top and bottom. Plaintiff claims he lost all his legal documents that his previous institution claims were forwarded to David Wade Correctional Center.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. Furthermore, the allegations in this motion do not present a substantial likelihood of success on the merits.

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). The failure to transfer Plaintiff does not constitute a constitutional violation.

The Eighth Amendment proscribes prison officials' wanton infliction of unnecessary pain upon a prisoner. It has been held that verbal abuse and harassment do not constitute cruel and unusual punishment as contemplated by the Eighth Amendment and allegations of such, without more, are insufficient grounds for relief under 42 U.S.C. § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Ellingburg v. Lucas, 518 F.2d 1196 (8th Cir. 1975). Furthermore, the Fifth Circuit Court of Appeals has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Siglar v. Hightower, 112 F.3rd 191, 193 (5th Cir.1997); Lynch v Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987) citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. den., 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). Even if Plaintiff is subjected to verbal abuse and threats, this claim does not amount to harm sufficient to constitute a constitutional violation.

Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir.1986); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984); Cardine v. Tucker, 23 F.3d 406, (6th Cir.1994). This claim does not amount to harm sufficient to constitute a constitutional violation.

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981). However, the Fourteenth Amendment is not a font of

tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his property loss, whether intentional or negligent. See La. Civ. Code art. 2315. Thus, Plaintiff has failed to state a claim cognizable under Section 1983.

The issuance of such extraordinary relief is not appropriate.

Accordingly;

**IT IS RECOMMENDED** that motion for preliminary injunction and temporary restraining order (Doc. 3) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 10th day of July, 2024.

Mark L. Hornsby
U.S. Magistrate Judge